*294 The OPINION OF THE COURT.-The bond on which, this action was brought, is payable on a particular day exPressed, but bears no date. The declaration does not aver the time of the execution, or the delivery of the, *295 bond; but says, “ For that the defendant, on the —-day of-, at the county and circuit aforesaid, by his certain writing obligatory, sealed with the seal of the said Edwards, and here now shewn to the court, whose date is the same aforesaid.” This, at first, appeared to be a mere omission in the declaration, which might be helped by reference to the bond, and thus cured by the statute of jeofails of 1796 :* but as the bond bears no date, the statute does not apply ; the expressions “ or for mistake of the day, month, or year, in the declaration or pleading, the time being right in any part of the record or proceedings.”
U iffuahle, it °uSbt c* b? *1-
if a bond be affi8?ed by S. declaration alleged it to be alignment rity ofs.&ould be qneftioned in 'he^ourt below canno^’b”" bone in this
ration on awril ting affignabl* ’^w ftew * twa before the' alignment, it 18 unneceffary performance0 to the affignor,
. ail uf doefnot extend to judgments by default.
t8 fendant or bail on enterins a ment bydefault at the rules’ is £0““ of
But the same statute requires, that no judgment, after inquiry or damages, be reversed, lor any omission or fault, which would not have been a good cause to stay or reverse the judgment, if there had been a verdict. The act of 1799,† does not extend to this case ; being by default, [anda writ of inquiry executed,] and not by verdict. So that it remains to be inquired, whether the omission to aver the date of the bond, would be good cause for reversal after verdict. In Plow. 24 — Str. 21 —Cole vs. Hawkins, 806 — Matthews vs. Spier, and Shepherds Touchstone 55, it may be seen that a distinction is taken between the averment of a day in parol agreements, trespass, &c. and where the matter is by writing- ; that in the one case, the time is, in the general, only matter of form, not of substance ; that in those cases, a variance from the true timé, is immaterial; in the others, a variance is material; and that in pleading deeds, a time should be alleged, for the making thereof; and where the deed bears no date, the day of delivery should be set forth. This case cannot be said to be a variance ; if it was, the act of jeofails would expressly cure. It is an omission to fill up, by averment, the blank in the bond. Now, how this should be taken advantage of, is the question. With respect to days, or time, this farther guide is to be had, from the authorities before cited— that where the time is issuable, it ought to be alleged certainly; and is material. An issue upon the date of a bond, would be immaterial ; and the court, after an office judgment, would not re*eive an offer of such an issue : it Would certainly be a plea in abatement only of *296 the declaration, which might be amended ; not a pled ⅛ bw of the right of action on the bond : and being so, the latter clause of the statute before recited, extends to it, An issue made up on non est factum, payment, or other plea in barj would certainly have cured the omission in the declaration. There can be no verdict without issue. An immaterial issue, is as no issue ; and the statute before recited, takes the distinction between judgement upon verdict, writ of inquiry of damages, confession, and non sum. infofmatus, and then gives an inquiry of damages the same efficacy in curing faults and omissions.
«⅛ T' J ’ '
SetGano,&c. »97 Hart> ^
This cause was argued by
Talboti for- the plaintiff j and Marshall, for the defendant»
This point being settled, there is no difficulty in the Other assignments of erron The declaration States that Instone assigned the bond¿ The bond, as indorsed* appears tobe an assignment by Short, for Instone and himself. As the bond was given to Instone only, it was sufficient in the declaration, td derive claim from him ; and it is not permissible, in this court, tb question, for the first time, the authority of Short. What Instone did by another, he did by himself is the language of the law" applied to this individual case; The averment, then, that Instone assigned, would have been supported by the proof that he did it by Short, his agent» This assignment of error can only be in nature of an assignment of error in fact, not of law; and therefore not to be regarded.
The third assignment is founded on a misapprehen-s*otb and want of attention to the declaration. It is averred thereby, that an action had accrued to Instone, by non-payment of the smaller sum, to have the sum of S 840 ; that the whole being due and unpaid, the bond was assigned to Marshall, of which, notice to the obligor is alleged ; and that the whole being due and unpaid, the bond was assigned to Mullanphy, of which, the obligor also had notice ; that an action accrued thereby to Mul-lanphy, to have the S 840 ; and the breach in non-payment to him, is well assigned.
The omission to call the defendant, or bail, if required at a]ft after judgment by default, for want of appearance* was but mere form ; and the omission to state it in the record, is nothing more.--Judgment affirmed.

 Act of 1796-7,p. 24 §, 1 Brad. 229.

 Acts of 1799, ch. 28, § 7, p. 58.